No. 95-2611

Thomas H. Shaw, Jr.,                    *
                                        *
       Appellee,                        *   Appeal from the United States
                                        *   District Court for the Eastern
          v.         *  District of Arkansas.
                                        *
HCA Health Services                     *
of Midwest, Inc.,                       *
                                        *
       Appellant.                       *


Submitted:  February 15, 1996

Filed:    March 18, 1996


Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

       Thomas Shaw worked as the director of the radiology department at
Doctors Hospital in Little Rock, Arkansas, from 1975 until early 1993, when
the hospital fired him.  He sued the hospital in federal court, alleging
age discrimination.  See 26 U.S.C. §§ 621-634.  After a seven-day trial in
mid-1995, a jury awarded Mr. Shaw compensatory damages of $125,600; the
trial court awarded Mr. Shaw liquidated damages of $125,600 and front pay
of $550,000, making a total award to Mr. Shaw of $801,200 (all numbers are
rounded).

       The hospital appealed, arguing that the evidence was insufficient to
sustain the verdict and that several of the trial

court's evidentiary rulings were improper.  We affirm the judgment of the trial court.[1]

I.

Although the parties characterize the actions of the hospital personnel manager differently, it was undisputed that on at least two occasions he altered the evaluation notes made by Mr. Shaw's supervisor. In the first instance, in evaluation notes written five months before Mr. Shaw was fired, Mr. Shaw's supervisor listed several areas that she wanted Mr. Shaw to work on, specifically, timely responsiveness to requests from supervisors and to changes in medical care, delegation of some responsibilities to his employees and then holding them accountable for those responsibilities, and exerting a strong personal presence in managing his department.  After Mr. Shaw was fired, the hospital personnel manager added comments to the effect that Mr. Shaw had been cautioned "on numerous occasions in the past [about those areas] with no improvement."

In the second instance, in evaluation notes written one month before Mr. Shaw was fired, Mr. Shaw's supervisor listed the various topics discussed and gave a short summary of each discussion.  After Mr. Shaw was fired, the hospital personnel manager added such remarks as, "I reminded Tom that he was the Director," "Tom never followed up [on an employee's suggestion for clothing hooks in the mammogram waiting rooms], although it was an excellent idea," "Again I covered lack of follow-up with him," and "Discussed with him the need to be creative himself, ... and the perception of employees and other managers that Tom did not want to do any changes or rock the boat in any way.  This was counterproductive in today's market." Most serious of all, the hospital personnel

---

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

manager changed in a material way the substance of several comments -- from "Tom really doesn't know enough about the scheduling system" to "Tom admitted not knowing enough about the scheduling system," and from "I may not have made myself very clear on what I expected of Tom" to "I stated what I expected of Tom and let him know the seriousness of the problems addressed, that these same problems had been addressed with him several times in the past without improvement."

The jury was entitled (although not required) to conclude from that evidence that the reasons given by the hospital for firing Mr. Shaw were a pretext for age discrimination. Since the hospital does not dispute that Mr. Shaw made out a prima facie case, we hold that the evidence was sufficient to sustain the verdict for Mr. Shaw. See, e.g., Nelson v. Boatmen's Bancshares, Inc., 26 F.3d 796, 800-01 (8th Cir. 1994); see also St. Mary's Honor Center v. Hicks, 113 S. Ct. 2742, 2749 (1993), and Nelson v. J. C. Penney Company, Inc., 75 F.3d 343, 345-46 (8th Cir. 1996). We also hold that the evidence was sufficient to sustain the jury's finding that the hospital's conduct was willful.

II.

We have considered the hospital's further arguments with respect to the trial court's evidentiary rulings. We see no legal error by the trial court in those rulings, nor do we detect any effect upon the hospital's substantial rights, see, e.g., Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1105 (8th Cir. 1988), see also Fed. R. Ev. 103(a).

III.

For the reasons stated, we affirm the judgment of the trial court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.